# The Supreme Court of the State of Louisiana

IN RE: JOHN D. RAY

NO.  2013-B-1275

_ _ _ _ _

IN RE:  Disciplinary Counsel; - Other; Applying For Findings and
Recommendations (Formal Charges) Office of Disciplinary Board, No.
11-DB-101;

_ _ _ _ _

September 13, 2013

Suspension imposed. See per curiam.

BJJ

JPV

JTK

JLW

GGG

MRC

JDH

Supreme Court of Louisiana
September 13,2013

*Rachel Edelman*

~~Deputy~~  Clerk of Court
For the Court


EXHIBIT
"A"

SUPREME COURT OF LOUISIANA

NO. 13-B-1275

IN RE: JOHN D. RAY

SEP 1 3 2013

ATTORNEY DISCIPLINARY PROCEEDINGS

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, John D. Ray, an attorney licensed to practice law in Louisiana.

## UNDERLYING FACTS

From September 10, 2010 to June 3, 2011, respondent was declared ineligible to practice law for failure to pay his bar dues and the disciplinary assessment. In fact, since his admission to the Louisiana bar in April 1999, respondent has had a history of ineligibility to practice law for failing to comply with his professional obligations.[1] During a sworn statement taken by the ODC in September 2011, respondent acknowledged that he engaged in the practice of law during these periods of ineligibility.

---

[1] The records of the Louisiana State Bar Association ("LSBA") reflect that respondent has been declared ineligible to practice law as follows:

| | |
|---|---|
| September 4, 2001 – September 11, 2001 | Failure to pay bar dues and disciplinary assessment |
| September 4, 2002 – September 4, 2002 | Failure to pay bar dues and disciplinary assessment |
| June 2, 2004 – December 20, 2004 | Failure to attend mandatory CLE |
| September 7, 2004 – December 20, 2004 | Failure to pay bar dues and disciplinary assessment |
| October 31, 2005 - December 28, 2005 | Failure to pay bar dues and disciplinary assessment |
| October 8, 2007 – October 22, 2007 | Failure to pay bar dues and disciplinary assessment |
| September 9, 2009 – June 17, 2010 | Failure to pay bar dues and disciplinary assessment |
| September 10, 2010 – June 3, 2011 | Failure to pay bar dues and disciplinary assessment |

**DISCIPLINARY PROCEEDINGS**

In November 2011, the ODC filed formal charges against respondent, alleging that his conduct, as set forth above, violated the following provisions of the Rules of Professional Conduct: Rules 1.1(c) (failure to pay bar dues and the disciplinary assessment), 5.5(a) (engaging in the unauthorized practice of law), and 8.4(a) (violation of the Rules of Professional Conduct). Respondent, through counsel, answered the formal charges and admitted to the basic factual allegations, with the exception of the allegation concerning his CLE ineligibility,[2] and rule violations. The matter then proceeded to a formal hearing conducted by the hearing committee.

*Hearing Committee Report*

After considering the testimony and evidence presented at the hearing, the hearing committee made factual findings consistent with the underlying facts set forth above. Based on those facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee also made the following additional factual findings:

1. Respondent received adequate notice of his bar dues and assessments on a yearly basis.

2. Respondent received adequate notice of his MCLE non-compliance relative to year 2002.

3. Prior to the year 2010, respondent never petitioned the LSBA and the Louisiana Attorney Disciplinary Board ("LADB") for relief.

---

[2] The period of ineligibility in question relates back to a deficiency from 2002. Respondent failed to attend the requisite ethics and professionalism hours in 2002. However, due to an administrative delay, he was not certified ineligible until 2004. Therefore, despite having the requisite number of hours for 2004, he was still ineligible as a result of the 2002 deficiency.

4. Respondent did not disclose his various periods of ineligibility to his employer(s).

5. Respondent never self-reported to the LSBA that he had engaged in the practice of law while ineligible.

6. Respondent has cured his ineligibility in every instance by paying his dues and assessments, a late fee, and a reinstatement fee.

7. Respondent failed to obtain the required hours of professionalism and ethics in 2002, which resulted in his being declared MCLE ineligible in 2004.

8. Respondent has consistently in years other than 2002 obtained continuing legal education in excess of the required amount for lawyers admitted in Louisiana, in some years receiving as much as five times the required amount.

9. Respondent has paid all of the monetary sanctions levied in connection with his reinstatement following the various periods of ineligibility.

The committee determined that respondent's failure to pay his bar dues and assessments was either knowing or intentional,[3] and that his failure to comply with the MCLE requirements in 2002 was negligent. The committee also determined that respondent knowingly engaged in the practice of law while he was ineligible to do so. His actions created the potential for client harm, although no actual harm has been established. The committee noted respondent's apparent professionalism and diligence in the actual practice of law and stated that this was "truly a case where an otherwise competent and ethical attorney simply failed, repeatedly, to comply with the Rules governing payment of fees and assessment of dues timely and did not cease to practice during the ensuing periods of ineligibility." After

---

[3] The committee stated that "in multiple years and on multiple instances, Respondent knowingly failed to pay his bar dues and assessments ... timely resulting in seven (7) separate periods of ineligibility over the course of several years," but then stated that "[r]espondent intentionally violated Rule 1.1(c) of the Rules of Professional Conduct in that he intentionally failed to pay his Bar dues and disciplinary assessment on multiple occasions."

reviewing the ABA's *Standards for Imposing Lawyer Sanctions* and the jurisprudence of this court, the committee determined the applicable baseline sanction is a one year and one day suspension.

In aggravation, the committee found a pattern of misconduct, multiple offenses, and substantial experience in the practice of law (admitted 1999). In mitigation, the committee found the absence of a prior disciplinary record, absence of a dishonest or selfish motive, personal "financial" problems, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, physical disability,[4] "outstanding" character, and remorse. The committee noted that respondent's candor, cooperation and attitude towards these proceedings was exemplary. According to the committee, respondent maintained a high level of professionalism, which weighed heavily on the committee in arriving at a recommended sanction.

Based on the nature of the violations, the totality of the record, and given aggravating factors balanced with factors in mitigation, the committee recommended respondent be suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by two years of probation with the following conditions:

   (1)  During the entire time of the probation, respondent shall pay all bar dues and assessments levied by the bar association when due without fail;

   (2)  During the entire time of the probation, respondent shall comply with all MCLE requirements and shall do so in a timely manner;

   (3)  Any subsequent disciplinary complaints with alleged offenses arising during the probationary period may be treated by the ODC in a summary fashion as probation violation matters; and

---

[4] Between 2000 and 2001, respondent suffered from various medical conditions precipitated by a congenital birth defect that necessitated three operations.

4

(4)    Respondent will pay all costs and expenses of this proceeding.

The ODC filed an objection to the hearing committee's report and recommendation, arguing that the committee had a sufficient factual basis upon which to determine that respondent intentionally violated Rule 1.1(c) and knowingly violated Rule 5.5(a). The ODC also argued that the committee erred in deferring all but sixty days of the suspension.

### Disciplinary Board Recommendation

After review, the disciplinary board determined that the hearing committee's factual findings do not appear to be manifestly erroneous as they are supported by the testimony and documentary evidence. The board also determined that the committee correctly applied the Rules of Professional Conduct.

The board determined respondent violated duties owed to his clients, the public, and the legal profession. He violated a duty to his clients and to his employer by leading them to believe that he was eligible to represent them. He violated a duty to the public by holding himself out to be a licensed attorney eligible to practice law. He intentionally failed to comply with MCLE requirements, intentionally failed to pay his bar dues and disciplinary assessments, and knowingly engaged in the practice of law while ineligible. Although no actual harm resulted from his actions, the potential to harm the adjudicative process was created when he engaged in the practice of law while he was ineligible. After reviewing the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined the baseline sanction is suspension.

The board adopted the aggravating and mitigating factors found by the committee. However, the board declined to adopt the aggravating factor of

substantial experience in the practice of law, noting that respondent's first period of ineligibility occurred two years after he was admitted to the practice of law.

After further considering this court's prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for one year and one day, with all but sixty days deferred, followed by two years of probation with the following conditions:

(1)    During the entire time of the probation, respondent shall pay all bar dues and assessments levied by the disciplinary board and bar association when due without fail;

(2)    During the entire time of the probation, respondent shall comply with all MCLE requirements and shall do so in a timely manner; and

(3)    Respondent should be assessed with all costs and expenses of this proceeding.

Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

## DISCUSSION

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B).  Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.  *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57.  While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings.  *See In re: Caulfield*, 96-1401 (La. 11/25/96), 683 So. 2d 714; *In re: Pardue*, 93-2865 (La. 3/11/94), 633 So. 2d 150.

In this matter, the record supports a finding that respondent continued to practice law during multiple periods of ineligibility. Based on these findings, respondent has violated the Rules of Professional Conduct as found by the disciplinary board.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

In prior cases involving the practice of law by attorneys who are ineligible to do so for failure to comply with professional obligations, we have generally imposed a one year and one day suspension from the practice of law, some portion of which may be deferred.[5] The board's recommendation in this matter is

---

[5] *See In re: Moeller*, 12-2460 (La. 3/19/13), 111 So. 3d 325 (one year and one day suspension, with all but ninety days deferred, followed by a two-year period of probation with conditions, imposed upon an attorney who made court appearances on behalf of his clients during periods in which he was not eligible to practice law; the attorney had a long history of ineligibility and a prior disciplinary record); *In re: Fisher*, 09-1607 (La. 12/18/09), 24 So. 3d 191 (one-year suspension, with all but ninety days deferred, followed by a one-year period of supervised probation with conditions, imposed upon an attorney who represented a client in a bankruptcy matter during a period in which he was not eligible to practice law; the attorney had a long history of ineligibility but numerous mitigating factors were present); *In re: Oldenburg*, 09-0991 (La. 10/16/09), 19 So. 3d 455 (six-month suspension, with all but thirty days deferred, followed by a two-year period of probation with conditions, imposed upon an attorney who appeared in court on behalf of a client while he was ineligible to practice law); *In re: Hardy*, 03-0443 (La. 5/2/03), 848 So. 2d 511 (two-year suspension imposed upon an attorney for failing to comply with the minimum continuing legal education requirements, failing to cooperate with his probation monitor, and practicing law during a period of ineligibility; numerous aggravating factors present); *In re: Richard*, 00-1418 (La. 8/31/00), 767 So. 2d 36 (disbarment imposed upon an attorney without a prior disciplinary record who engaged in the practice of law while ineligible for more than six years); *In re: Grady*, 99-0440 (La. 4/9/99), 731 So. 2d 878 (one year and one day suspension imposed upon an attorney who failed to terminate a representation after he became ineligible and failed to advise his client of the status of her case; numerous aggravating factors present); and *In re: Jones*, 98-0207 (La. 3/27/98), 708 So. 2d 413 (one year (continued...)

consistent with this jurisprudence.   Accordingly, we will accept the board's recommendation and suspend respondent from the practice of law for one year and one day, with all but sixty days deferred.   Following the active portion of his suspension, respondent shall be placed on unsupervised probation for a period of two years.   The probationary period shall commence from the date respondent and the ODC execute a formal probation plan, which shall incorporate a requirement that respondent timely fulfill his professional obligations each year.   Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.

## DECREE

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that John D. Ray, Louisiana Bar Roll number 26101, be and he hereby is suspended from the practice of law for a period of one year and one day.   It is further ordered that all but sixty days of the suspension shall be deferred.   Following the active portion of the suspension, respondent shall be placed on unsupervised probation for two years governed by the conditions set forth in this opinion.   Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.   All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

---

and one day suspension, with six months deferred, imposed upon an attorney who practiced law while ineligible; numerous aggravating factors present).

8

RECEIVED

OCT 0 9 2013

DEPT. OF JUSTICE
LITIGATION DIVISION

## United States of America

## State of Louisiana

# Supreme Court of the State of Louisiana

I, JOHN TARLTON OLIVIER, Clerk of the Supreme Court of the State of Louisiana, do hereby certify that

### *JOHN D. RAY ESQ., #26101*

was duly admitted and licensed to practice as an attorney and counselor at law in this Court and the several courts of the State of Louisiana, on the 23rd Day of April, 1999 A.D.; and is currently in good standing, and sufficiently qualified to perform the duties of an attorney and counselor at law.

IN WITNESS WHEREOF, I hereunto sign my name and affix the  seal of this Court, at the City of New Orleans, this the 27th Day of November, 2013, A.D.



Clerk of Court
Supreme Court of Louisiana



RECEIVED

DEC 0 5 2013

U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DEPUTY CLERK

# Supreme Court
### STATE OF LOUISIANA
### New Orleans

CHIEF JUSTICE
  BERNETTE J. JOHNSON      Seventh District
JUSTICES
  GREG G. GUIDRY          First District
  JEFFREY P. VICTORY      Second District
  JEANNETTE THERIOT KNOLL  Third District
  MARCUS R. CLARK         Fourth District
  JEFFERSON D. HUGHES III  Fifth District
  JOHN L. WEIMER          Sixth District

JOHN TARLTON OLIVIER
CLERK OF COURT

400 ROYAL STREET, SUITE 4200
NEW ORLEANS, LA 70130-8102

TELEPHONE (504) 310-2300
HOME PAGE http://www.lasc.org

December 2, 2013

Hon. Scott S. Harris
Clerk, U.S. Supreme Court
Office of the Clerk
Washington, D.C. 20543

Re:        *In Re: John D. Ray*
           Louisiana Bar Roll no. 26101
           La. Supreme Court docket no. 2013-B-1275

Dear Mr. Harris:

Enclosed please find a copy of the Affidavit filed by the above-named attorney, and a copy of the Certificate filed by the Louisiana Attorney Disciplinary Board verifying that Mr. Ray has shown compliance with all the requirements for reinstatement pursuant to Rule XIX, Sec. 23 of the Rules of this Court. Mr. Ray has satisfied his requirements for reinstatement to the practice of law in Louisiana, effective **November 27, 2013**.

With kindest regards, I remain,

Very truly yours,

John Tarlton Olivier
Clerk of Court

*Rachel Edelman*

By:    Rachel Edelman
       Chief Deputy Clerk of Court

RE:pal
Enclosure
ccs:    Hon. Lyle W. Cayce, Clerk,
        U.S. Court of Appeals, Fifth Circuit
        Hon. William W. Blevins, USDC, Eastern District
        Beth Perry, USDC, Middle District
        Hon. Tony R. Moore, USDC, Western Dist.
        Charles B. Plattsmier, Disciplinary Counsel
        Denise Tingstrom, Director of Admin., LSBA
        Donna Roberts, Administrator, Disciplinary Board
        U.S. Surface Transportation Board
        Regional Director, IRS
        Timothy F. Averill, Judicial Administrator
        Breezy Borello, Notarial Archives
        Scott T. Morris, Off. of General Counsel, Social Security Administration
        Cynthia Cotton, Notarial Division, Secretary of State
        Steven St. Cyr, IRS
        Hon. Sheral Kellar, Chief Judge, Off. of Wrkrs. Comp. Admin.
        Mike Spence, Chief Deputy Clerk, Caddo Parish

        Hon. Christine L. Crow
        Clerk, 1st Circuit Ct. Of Appeal
        Hon. Lillian Evans Richie
        Clerk, 2nd Circuit Ct. Of Appeal
        Hon. Charles K. McNeely
        Clerk, 3rd Circuit Ct. Of Appeal
        Hon. Danielle Schott
        Clerk, 4th Circuit Ct. Of Appeal
        Hon. Cheryl Q. Landrieu
        Clerk, 5th Circuit Ct. Of Appeal


EXHIBIT
"C"
tabbies

STATE OF LOUISIANA

SUPREME COURT

NO. 2013-B-1275

IN RE: JOHN D. RAY

ON REVIEW FROM RECOMMENDATION OF THE
LOUISIANA ATTORNEY DISCIPLINARY BOARD

REINSTATEMENT AFFIDAVIT OF RESPONDENT
JOHN D. RAY

**DELIVERED BY HAND**

John D. Ray, La. Bar No. 26,101
10703 Hillbrook Avenue
Telephone: (225) 620-7501
E-Mail: jdray2@icloud.com

REINSTATEMENT AFFIDAVIT OF RESPONDENT
JOHN D. RAY

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

On the 27 day of November, 2013, before me the undersigned authority, personally came and appeared:

**JOHN D. RAY**, a person of the full age and majority, who after being duly sworn by me, Notary, declared and acknowledged that Affiant executed the instrument and signed it for the purpose and objects expressed in it. In the effect that the petitioner, he is the listed Respondent in the aforementioned matter. That he, JOHN D. RAY, has reviewed the aforementioned pleadings and that all of the allegations are true and correct according to the best of affiant's knowledge, and belief.

I.      I respectfully submit this affidavit pursuant to Louisiana Supreme Court Rule XIX, Section 23.

II.     I have served an active suspension of sixty (60) days pursuant to the order of this Court in the above – captioned Disciplinary proceedings.

III.    I am in full compliance with the requirements of the Court's suspension order.

IV.    I have filed the attorney registration statement required by Rule XIX, § 8 (c) of these rules.

V.     I have paid current owed bar dues, disciplinary administration and enforcement fees, and filing fees and disciplinary costs.

VI.    A certificate from the Administrator of the Disciplinary Board is attached hereto evidencing that I have paid all disciplinary costs.

VII.   I have served a copy of this affidavit on the Louisiana Attorney

Disciplinary Board Office of the Disciplinary Counsel by Mail and email at the following address:

Charles B. Plattsmier
Chief Disciplinary Counsel
Office of the Disciplinary Counsel
4000 S. Sherwood Forest Blvd., Ste. 607
Baton Rouge, LA 70816

This concludes the Reinstatement Affidavit of Respondent, JOHN D. RAY submitted pursuant to Louisiana Supreme Court Rule XIX, Section 23.

_____
John D. Ray

Sworn to and subscribed before me, the undersigned Notary Public in and for the State of Louisiana, Parish of East Baton Rouge on this 27 day of November, 2013.

_____
Ted Williams
Attorney-At-Law and Notary Public
Bar Roll No.: 22,690
My commission expires with life.

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Reinstatement Affidavit of John D. Ray was served in person by John D. Ray on the following person on November 27, 2013.

> Charles B. Plattsmier
> Chief Disciplinary Counsel
> Office of the Disciplinary Counsel
> 4000 S. Sherwood Forest Blvd., Ste. 607
> Baton Rouge, LA 70816

JOHN D. RAY

ORIGINAL

## The Louisiana Attorney Disciplinary Board

### IN RE: JOHN D. RAY

### Docket No: 11-DB-101

### Supreme Court No.: 2013-B-1275

## C E R T I F I C A T E

I, Donna L. Roberts, Administrator for the Louisiana Attorney Disciplinary Board, do hereby certify that the costs associated with disciplinary proceedings referenced above, namely: prior disciplinary costs in the amount of **$2,546.34**; filing fees to the Louisiana Supreme Court in the amount of **$172.50**; bar dues ($200.00) and disciplinary assessment ($235.00) fees all have been paid in accordance with Rule XIX, §23.

Metairie, Louisiana this **27**TH day of **NOVEMBER 2013**

Donna L. Roberts
Board Administrator

SUPREME COURT OF LOUISIANA
Filed
NOV 2 7 2013
Clerk

2013 NOV 27 AM 10: 54
LOUISIANA ATTORNEY
DISCIPLINARY BOARD





# LOUISIANA ATTORNEY DISCIPLINARY BOARD

**OFFICE OF THE DISCIPLINARY COUNSEL**
4000 S. Sherwood Forest Blvd.
Suite 607
Baton Rouge, Louisiana 70816
(225) 293-3900 • 1-800-326-8022 • FAX (225) 293-3300

January 13, 2016

John D. Ray
1885 N 3rd St.
Baton Rouge, LA 70802          RE: 2013-B-1275

Dear Mr. Ray:

I am in receipt of your affidavit of compliance dated January 12, 2016, and our review of this matter indicates that you have complied with the conditions of your probation and paid all costs. Accordingly, we consider this probation matter to be successfully completed and are closing our file.

Thank you for your cooperation in this process.

With regards, I am

Sincerely,

Michael P. Wilson
Deputy Disciplinary Counsel

MPW/lc





**LOUISIANA ATTORNEY DISCIPLINARY BOARD**
## OFFICE OF THE DISCIPLINARY COUNSEL
**4000 S. Sherwood Forest Blvd., Suite 607**
**Baton Rouge, Louisiana  70816**
PH (225) 293-3900 • 1-800-326-8022 • FAX (225) 293-3300

January 9, 2014

John D. Ray
10703 Hillbrook Ave.
Baton Rouge, LA 70810          RE: 2013-B-1275

Dear Mr. Ray:

Enclosed please find a fully-executed copy of your Probation Agreement.  I welcome any
questions you may have now or in the future.

With regards, I am

Sincerely,

Michael P. Wilson
Deputy Disciplinary Counsel

MPW/lc
Enclosure



## PROBATION AGREEMENT - UNSUPERVISED

## JOHN D. RAY

### 2013-B-1275

**DURATION** – By order dated September 13, 2013, the Louisiana Supreme Court suspended John D. Ray, La. Bar Roll No. 26101, from the practice of law for a period of one year and one day with all but sixty days deferred, The Court further ordered Mr. Ray to serve a **two-year** period of unsupervised probation following the active portion of his suspension.  Mr. Ray having served the active portion of his suspension and having been reinstated to the practice of law pursuant to La.S.Ct. Rule XIX, Section 23, the probation period commenced with Disciplinary Counsel's execution of this Probation Agreement on ___January 6___, 2014.

**PROBATION CONDITIONS** – John D. Ray shall:

1.  Promptly respond to all requests of the Office of the Disciplinary Counsel;

2.  Comply with all bar membership requirements including:  maintaining current knowledge in the law by satisfying all mandatory continuing legal education requirements and timely paying all Louisiana State Bar Association membership dues and Louisiana Attorney Disciplinary Board annual disciplinary fee assessments;

3.  Timely provide any waivers of confidentiality to the Office of Disciplinary Counsel as necessary to enable Disciplinary Counsel to monitor his compliance with the Rules of Professional Conduct and this Probation Agreement;

4.  Promptly inform Disciplinary Counsel of any change in the nature and/or place of his employment or practice of law;

5.  Acknowledge that any violation of the Rules of Professional Conduct and/or this Probation Agreement may result in the revocation of probation and/or such other action as may be appropriate under the Rules of Professional Conduct and Louisiana Supreme Court Rule XIX; and

6.  At the conclusion of the probation period, submit to Disciplinary Counsel an affidavit stating whether and how he has complied with the conditions of probation and paid all costs of these proceedings.

**TERMINATION OF PROBATION** – At the end of the probation period, Disciplinary Counsel will advise John D. Ray, as to the satisfactory or unsatisfactory completion of the probation.

_____
John D. Ray, Bar Roll #26101

Sworn to and subscribed before me on this ⟨18⟩ day of December, 2013.

_____
Notary Public

**Ted Williams**
**State Of Louisiana**
**My Commission is for Life**
**Bar Roll # 22690**

Office of the Disciplinary Counsel

_____
Michael P. Wilson
Deputy Disciplinary Counsel

United States of America

State of Louisiana

# Supreme Court of the State of Louisiana

I, JOHN TARLTON OLIVIER, Clerk of the Supreme Court of the State of Louisiana,

do hereby certify that

## *JOHN D. RAY ESQ., #26101*

was duly admitted and licensed to practice as an attorney and counselor at law in this Court and

the several courts of the State of Louisiana, on the 23rd Day of April, 1999 A.D.; and is currently

in good standing, and sufficiently qualified to perform the duties of an attorney and counselor at

law.

IN WITNESS WHEREOF, I hereunto sign
my name and affix the   seal of this Court, at
the City of New Orleans, this the 11th Day of
June, 2021, A.D.



Clerk of Court
Supreme Court of Louisiana



EXHIBIT

"F"